UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TREMAYNE CARROLL, LATASHA BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>NEWSOME, CDCR, PAT VASQUEZ,<br><br>Defendants. | Case No. 1:23-cv-00224-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>14-DAY OBJECTION PERIOD<br><br>(Doc. No. 1) |
|---|---|

Plaintiff Tremayne Carroll ("Plaintiff" or "Carroll"), a state prisoner proceeding pro se, initiated this action on her own behalf and purportedly of behalf of another prisoner, Latasha Brown ("Brown"), by filing a pleading titled "Temporary Restraining Order, Preliminary Injunctive Relief, Release to Community, Transfer to Federal Custody or Out-of-State, Imminent Danger, PREA SB132" in the Sacramento Division of the Court on February 8, 2023. (Doc. No. 1). The Sacramento Division transferred this action to this Court on February 15, 2023. (Doc. No. 3). Plaintiff did not accompany the Motion for a TRO with a complaint, an application to proceed *in forma pauperis,* or the requisite filing fee.[1]  For the reasons stated below, the undersigned recommends the district court deny the Motion for TRO.

---

[1] The Court by separate order advised Plaintiff of the deficiencies and directed her to file a complaint and submit an application to proceed in forma pauperis or pay the filing fee. (Doc. No. 6).

## I. BACKGROUND AND FACTS

The one-page, one-paragraph Motion, although purportedly brought by Carroll on her own behalf and on behalf of Brown is signed (i.e. initialed) only by Carroll. As pro se litigant, Plainitff Carroll may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). Thus, the undersigned considers the Motion as brought only on behalf of Carroll.

Plaintiff claims the "CDCR 'Green Wall' has taken 'Mexican Mafia' approach" to retaliating against her and she is in imminent danger because she made a PREA report against former acting warden Mike Pallares and former correctional officer Greg Rodriguez. (Doc. No. 1). The alleged "sexual abuse" occurred at Central California Women's Facility ("CCWF"). (*Id.*). Plaintiff claims it is unsafe for her to remain at CCWF. (*Id.*). Plaintiff attaches a one-page unsworn declaration explaining that she is "transwomen" and had been forced to perform sexual acts in exchange for not being sent back to the men's prison on Pallares and Rodriguez. (*Id.* at 2). Plaintiff also attaches a two-page "Confidential-Victims of Sex Crimes" form dated January 25, 203, advising Plaintiff of her privacy rights under California law and an interview summary between HCA Captain, J. Thissen and Plaintiff Carroll dated January 22, 2023. (*Id.* at 3-4). The summary reveals Plaintiff was on a hunger strike and, when Captain Thissen tried to encourage her to eat state issued food, Plaintiff declined on the belief CCWF staff was contaminating her food "out of retaliation." (*Id.* at 4). When Captain Thissen offered Carroll pre-packaged state issued lunches, she declined stating she believed they may also be contaminated. (*Id.*). Carroll advised Captain Thissen that she drinks only small amounts of water because she believes the water source is also contaminated. (*Id.*). Carroll also refused to allow medical staff to check her vital signs and, although she admitted she was not feeling well, she refused to provide any details because she feared a "decision would be made on her behalf." (*Id.*).

## II. APPLICABLE LAW AND ANALYSIS

**The Motion Fails to Comply with Procedural Requirements**

Because a TRO provides extraordinary relief, a movant must comply with the procedural requirements set forth in Federal Rules of Civil Procedure 65 (b) and Local Rule 231. Rule 65(b)

permits the court to issue a TRO only if (1) specific facts in the affidavit or complaint show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required.  Fed. R. Civ. P. 65(b)(1).  This court's Local Rules also sets forth certain procedural mandates for a TRO to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for TRO; (3) a brief on the relevant legal issues;  (4) an affidavit to support the existence of irreparable harm; (4) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given;  (5) a proposed TRO and provision for bond; and (6) a proposed order with blank for fixing time and date for a hearing.  Local Rule 231(c) (E.D. Cal. 2022).

Plaintiff's Motion is procedurally deficient.  Critical is that no complaint was filed, no affidavit attesting to notice, no briefing on the any legal issue, and no affidavit to support irreparable harm, in addition to not supplying the proposed orders.  Based on the procedural infirmities alone the Court may deny the Motion.  *Bennett v. Ponce*, No. LA-CV-18-04996-VBF-AS, 2019 WL 8589408, at *1 (C.D. Cal. Jan. 24, 2019).

**The Motion Fails on the Merits**

Because a temporary restraining order is "an extraordinary remedy" it may issue only if a movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The movant bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.   The injunctive relief requested must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant a plaintiff any relief.  *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

Even if the Court exercised its discretion and proceeded to a merits review of the Motion, the Motion is due to be denied. Fatal is that Plaintiff cannot show the first *Winter* factor, likelihood of success on the merits. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). As noted *supra*, Plaintiff did not file a complaint to commence the action. Should the Court liberally construe the Motion as a complaint, there is no chance of success on the merits because the Motion is devoid of any facts or alleged acts of wrongdoing by either of the two named Defendants. Instead, the Motion contains only generalized, vague, and broad statements. Plaintiff requests no specific relief, making only generalized statements of imminent danger and saying she cannot stay at CCWF or be transferred to any mends prison. (Doc. No. 1 at 1).

Nor does Plaintiff show a likelihood of irreparable harm in the absence of preliminary relief. Plaintiff again states generalized allegations of imminent harm but supplies no specific facts to show actual harm. "'Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.'" *Mester v. Dickinson*, 2010 WL 1658472, *2 (April 23, 2010) (citing *Caribbean Marine Servc. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (other citations omitted)). A presently existing actual threat must be shown. *Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998); *Caribbean Marine,* 844 F.2d at 674). Further, Plaintiff acknowledges that Mike Pallares is the "former" acting warden and Greg Rodriguez is a "former" correctional officer at CCFW.[2] (Doc. No. 1 at 1).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

Plaintiffs' request for a temporary restraining order (Doc. No. 1) be denied.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   February 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] CDCR's website indicates that Defendant Pat Vazquez has been the acting warden at CCWF since January 2023. *See California Department of Corrections and Rehabilitation – Central California Women's Facility (CCWF)*, https://www.cdcr.ga.gov/facility-locator/ccwf/

5