UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>NEWSOM, ET AL.,<br><br>    Defendants. | Case No. 1:23-cv-00224-ADA-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 10) |

On March 15, 2023, Plaintiff filed Objections to the undersigned's findings and recommendations to deny Plaintiff's motion for temporary restraining order. (Doc. No. 10). Plaintiff incorporates a request for "Extension of Time (90) Days, Appointment of Counsel, [and] Reconsideration of TRO" in the Objections. (*Id.*). The Objections identify the above case number as well three of Plaintiff's other case numbers. (*Id.*). For the reasons set forth below, the undersigned denies both Plaintiff's motion for appointment of counsel and motion for extension of time. The District Judge will address the Objections by separate order.

Motion for Appointment of Counsel

Plaintiff requests the Court to consolidate her cases and have counsel appointed for the consolidated cases. (Doc. No. 10 at 2). In support, Plaintiff claims "CCWF is trying to circumvent due process/access to courts to cover up scandal." (*Id.*).

1

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors to determine if exceptional circumstances warranting appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

Plaintiff has failed to demonstrate exceptional circumstances warrant appointment of counsel. Notably, Plaintiff has not filed a complaint in this action. The fact that Plaintiff wishes to consolidate the cases and have one counsel appointed for all four cases does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Nor is the Court persuaded that a brief delay in delivery of Plaintiff's legal correspondence indicates that appointment of counsel is warranted.

Motion for Extension of Time

Plaintiff also requests a 90-day extension of time because prison officials are delaying the delivering of Plaintiff's mail. (Doc. No. 10 at 2). Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the existing deadline. Because the pleading identifies four case numbers it is unclear for which

deadline in which case Plaintiff seeks an extension. The Court notes Plaintiff "refused" the Court's February 17, 2023 and February 21, 2023 Orders. *See* docket entry dated March 17, 2023. Therefore, the Court finds Plaintiff has not demonstrated good cause to be granted an extension of time in this case.

Accordingly, it is **ORDERED**:

Plaintiff's motions for appointment of counsel and for extension of time (Doc. No. 10) are DENIED.

Dated: March 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE