UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, ET AL.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEWSOM, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00224-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE<br><br>14-DAY DEADLINE |

Plaintiff Tremayne Carroll is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and failure to prosecute this action.

**BACKGROUND**

On February 8, 2023, Plaintiff initiated this action on her own behalf and purportedly on behalf of another prisoner, Latasha Brown, by filing a pleading titled "Temporary Restraining Order, Preliminary Injunctive Relief, Release to Community, Transfer to Federal Custody or Out-of-State, Imminent Danger, PREA SB132" on February 8, 2023 in the Sacramento Division of the Court. (Doc. No. 1, "Motion"). The Sacramento Division transferred the action to this Court on February 15, 2023. (Doc. No. 3). Plaintiff did not accompany the construed Motion with a complaint, an application to proceed *in forma pauperis* or the requisite filing fee.

On February 17, 2023 the undersigned issued an order directing Plaintiff to file a

complaint and either file an application to proceed *in forma pauperis* or pay the filing fee. (Doc. No. 6). Plaintiff was given a 30-day deadline to submit the requisite filings and/or payment and advised that if she "fails to timely comply with this Order, or request an extension by showing good cause, the undersigned will recommend the district court dismiss this case for Plaintiff's failure to comply with a court order and/or prosecute this action." (*Id*. at 3).

On February 21, 2023, the undersigned issued Findings and Recommendations to deny Plaintiff's Motion. (Doc. No. 8). Plaintiff then filed generic objections ("Objections") to unspecified rulings in this case and three others. (Doc. No. 10). In the same filing, Plaintiff requested appointment of counsel and a 90-day extension of time as to an unspecified case and deadline. (*Id*. at 1-2). On March 24, 2023, the undersigned denied Plaintiff's construed request for appointment of counsel and extension of time. (Doc. No. 11 at 2-3). Plaintiff, to date, has neither paid the filing fee nor submitted an application to proceed *in forma pauperis* and she has not filed a complaint and the time for doing so has expired.

**APPLICABLE LAW AND ANALYSIS**

**A.  Legal Standard**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The February 17, 2023 Order advised Plaintiff that within 30 days she would need to file a complaint accompanied by an application to proceed *in forma pauperis* or the filing fee in order to proceed with this action. (Doc. 12 at 3-4). To date Plaintiff has not complied in any way with the February 17, 2023 Order and time for doing so has expired.

As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522,

524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644.  Here Plaintiff has not paid the filing fee nor filed a complaint for the Court to determine whether the action has any merit.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's February 17, 2023 Order expressly warned Plaintiff that her failure to comply with the Court's order would result in a recommendation for dismissal of this action.  (Doc. No. 6 at 3).  Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written

4

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    March 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE