1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11    TREMAYNE CARROLL et al.,                    Case No. 1:23-cv-00224-ADA-HBK

12              Plaintiff,                         ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR APPOINTMENT OF
13        v.                                       COUNSEL

14    NEWSOM, ET AL.,                              (Doc. No. 14)

15              Defendants.                        ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR EXTENSION OF TIME
16
                                                   (Doc. No. 14)
17

18         Pending before the Court is Plaintiff's pleading titled "Objection to Court's

19    Ruling/Recommendation, Extension of Time (90) Days, Appointment of Counsel" filed June 28,

20    2023. (Doc. No. 14). Liberally construed, Plaintiff's "Objection" to this Court's March 27, 2023

21    Findings and Recommendations (Doc. No. 14) incorporates a request for an extension of time and

22    appointment of counsel. (*Id*.). The District Judge in this matter will address Plaintiff's Objection

23    to the undersigned's March 27, 2023 Findings and Recommendations by separate order. For the

24    reasons set forth below, the undersigned denies Plaintiff included requests for appointment of

25    counsel and extension of time.

26         1. Motion for Appointment of Counsel

27         Plaintiff states that, "Plaintiff(s) are represented by Christopher Darden and Joseph

28    Virgilio in case against CCWF and potentially in the above entitled case numbers under AB218,

1    etc and don't want cases to conflict.  This, along with CCWF's attempts to circumvent due

2    process causes delays."  (*Id.* at 1).  To the extent discernable, it appears Plaintiff seeks

3    appointment of counsel due to an alleged conflict with counsel for her another case.

4            The United States Constitution does not require appointment of counsel in civil cases.  *See*

5    *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

6    create a right to appointment of counsel in civil cases).  This Court has discretionary authority

7    under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a

8    civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

9    people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

10   1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

11   citations omitted).  However, motions to appoint counsel in civil cases are granted only in

12   "exceptional circumstances."  *Id.* at 1181.  The Court may consider many factors to determine if

13   exceptional circumstances warranting appointment of counsel including, but not limited to, proof

14   of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate

15   his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand*

16   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

17   *banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying

18   appointment of counsel if the reasons are clear from the record."  *Johnson v. United States Dept.*

19   *of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

20           Plaintiff does not demonstrate exceptional circumstances to warrant appointment of

21   counsel.  The fact that Plaintiff has counsel in another matter and she wishes to avoid a conflict

22   with her different cases does not qualify "as an exceptional circumstance in a prisoner civil rights

23   case."  *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v.*

24   *Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).[1]  Further, the undersigned issued

25   Findings and Recommendations to dismiss this action so Plaintiff cannot show a likelihood of

26

27   _____

      [1] Plaintiff is welcome to view the resources for pro se litigants available at https://prose.cacd.uscourts.gov/.
28   While the website is specific to our neighboring Central District of California, it nonetheless contains
      information helpful for guiding pro se litigants in the federal court.

1   success on the merits.

2        2.  <u>Motion for Extension of Time</u>

3        Other than requesting a 90-day extension of time in the title of pleading, Plaintiff does not

4   otherwise explain for what she requires an extension of time.  Admittedly, Plaintiff's Objections to

5   the undersigned's March 27, 2023 Findings and Recommendations are untimely.  Indeed, if

6   Plaintiff seeks an extension to file her objections to the March 27, 2023 Findings and

7   Recommendations, the motion was filed more than two months past the deadline.  Federal Rule of

8   Civil Procedure 6(b) requires good cause to extend a deadline, if the request to extend time is made

9   before the existing deadline.  Here, Plaintiff's request is untimely, and other than vaguely referring

10   to "CCWF's attempts to circumvent due process causes delays," the motion is silent as to why the

11   extension is necessary.  (Doc. No. 14 at 2).  Thus, Plaintiff fails to articulate good cause for the

12   extension, yet alone stating a basis for this Court to find excusable neglect.  Fed. R. Civ. P.

13   6(b)(1)(B).  Therefore, the Court denies the motion for extension of time.

14        Accordingly, it is **ORDERED**:

15       1.    Plaintiff's Motion for Appointment of Counsel (Doc. No. 14) is DENIED.

16       2.    Plaintiff's Motion for Extension of Time (Doc. No. 14) is DENIED.

18   Dated:   __June 30, 2023__

19                          HELENA M. BARCH-KUCHTA

20                          UNITED STATES MAGISTRATE JUDGE