UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>NEWSOM, et al.,<br><br>             Defendants. | No.  1:23-cv-00224-ADA-HBK (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 13)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |

     Plaintiffs Tremayne Carroll and Latasha Brown are state prisoners who filed a motion for a temporary restraining order on February 8, 2023. (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 17, 2023, the Magistrate Judge ordered Plaintiffs to file a complaint and either the filing fee or an application to proceed in forma pauperis. (ECF No. 6.)  On March 24, 2023, the Magistrate Judge denied Plaintiffs' request for appointment of counsel and a 90-day extension of time. (ECF No. 11.)  Plaintiffs filed objections on April 11, 2023, which the Court construes as a motion for reconsideration. (ECF No. 13.)  On March 27, 2023, after Plaintiffs failed to file a complaint, the Magistrate Judge issued findings and recommendations, recommending dismissal of this action based on Plaintiffs' failure to obey a court order and failure to prosecute.  (ECF No. 12.)  Plaintiffs filed objections on June 28, 2023.  (ECF No. 14.)

First, the Court will not disturb the Magistrate Judge's March 24, 2023 order denying Plaintiffs' request for appointment of counsel and request for a 90-day extension of time. A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); E.D. Cal. R. 303(f). The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Id.*

Plaintiffs claim that they regularly receive mail 2-3 weeks late. (ECF No. 13 at 1.) The Court agrees with the Magistrate Judge that this delay does not warrant a 90-day extension of time to file a complaint in this matter. The Magistrate Judge issued an order to file a complaint on February 17, 2023. (ECF No. 6.) It is now the middle of August. Plaintiffs have filed at least three motions for extensions of time in the six months since the Magistrate Judge's initial order. (ECF Nos. 10, 14, 17.) At no point, however, have Plaintiffs filed a complaint or provided a compelling reason for their failure to do so. The Magistrate Judge's March 24, 2023 order was, therefore, not clearly erroneous or contrary to law.

Nor was the Magistrate Judge's order denying Plaintiffs' motion for appointment of counsel clearly erroneous or contrary to law. A person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Courts may, however, appoint an attorney to represent an indigent prisoner in a § 1983 case under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). This determination is a mixed question of law and fact. *See Brown v. Reif*, No. 2:18-cv-01088 KJM CKD P, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019).

///

Here, the Magistrate Judge noted that Plaintiffs have failed to detail "exceptional circumstances" warranting appointment of counsel. Nothing in Plaintiffs' April 11, 2023 objections causes the Court to question this assessment. In fact, Plaintiffs' continued failure to file a complaint in this case makes it all but impossible for the Magistrate Judge or the Court to determine the complexity of the case or Plaintiffs' likelihood of success. Therefore, the Magistrate Judge's March 24, 2023 order denying Plaintiffs' request for appointment of counsel was not clearly erroneous or contrary to law.

Finally, in Plaintiffs' objections to the Magistrate Judge's March 27, 2023 findings and recommendations, Plaintiffs again ask for a 90-day extension of time to file a complaint. (ECF No. 14.) They state that they now have legal representation in another matter and do not want this case to conflict with that matter. (*Id.*) Plaintiffs do not, however, explain how this case would conflict with the separately filed matter or provide any other explanation for their failure to file a complaint in the last six months.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiffs' objections, the Court finds the March 27, 2023 findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. Plaintiffs' April 11, 2023 objections, which the Court construes as a motion for reconsideration, (ECF No. 13), are denied;
2. The findings and recommendations dated March 27, 2023, (ECF No. 12), are adopted in full;
3. This matter is dismissed, without prejudice, for Plaintiffs' failure to obey a court order and failure to prosecute;
4. Plaintiffs' July 12, 2023 motion to appoint counsel and motion for extension of time, (ECF No. 17), is terminated as moot; and

///

///

5.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 14, 2023

_____
UNITED STATES DISTRICT JUDGE